IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JULIE TANSEY, | ) | CIVIL NO. 19-00231 JAO-WRP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | DEFENDANT MARRIOTT HOTEL |
| | ) | SERVICES, INC.'S PETITION FOR |
| MARRIOTT HOTEL SERVICES, | ) | DETERMINATION OF GOOD |
| INC., ET AL., | ) | FAITH SETTLEMENT |
| | ) | |
| Defendants. | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION TO GRANT
DEFENDANT MARRIOTT HOTEL SERVICES, INC.'S PETITION
FOR DETERMINATION OF GOOD FAITH SETTLEMENT

Before the Court is Defendant Marriott Hotel Services, Inc.'s Petition

for Determination of Good Faith Settlement, filed on February 11, 2020

("Petition"). See ECF No. 24. The Petition seeks approval of the confidential

settlement between the parties pursuant to Hawaii Revised Statutes Section 663-

15.5. See id. Because no objections to the Petition were filed, the Court vacated

the hearing set for March 13, 2020, and found this matter suitable for disposition

without a hearing pursuant to Local Rule 7.1(c). See ECF No. 32.

After careful consideration of the Petition, the record in this action,

and the relevant legal authority, the Court FINDS AND RECOMMENDS that the

Petition be GRANTED.[1]

## BACKGROUND

This action arises from an incident that occurred in 2017 at Wailea Beach Resort where Plaintiff alleges that she suffered injuries after she stepped off an elevated platform and fell down two steps.  See ECF No. 1-1.  At the Early Settlement Conference with the Court on December 12, 2019, the parties reached a confidential settlement, which they later memorialized in a Joint Tortfeasor Release and Indemnification Agreement.  See ECF Nos. 21, 31.  In the present Petition, Defendant seeks a determination of good faith settlement pursuant to Hawaii Revised Statutes Section 663-15.5.  See ECF No. 24.

## DISCUSSION

A finding of good faith settlement (1) discharges the settling party from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release or in the amount of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where there is a written indemnity agreement, and (4) results in dismissal of all

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

crossclaims against the settling joint tortfeasor, except where there is a written

indemnity agreement.  See Haw. Rev. Stat. § 663–15.5(a) and (d).  To determine

whether parties have entered into a good faith settlement, the court should consider

the "totality of the circumstances" including:

> (1) the type of case and difficulty of proof at trial . . .;
> (2) the realistic approximation of total damages that the
> plaintiff seeks; (3) the strength of the plaintiff's claim
> and the realistic likelihood of his or her success at trial;
> (4) the predicted expense of litigation; (5) the relative
> degree of fault of the settling tortfeasors; (6) the amount
> of consideration paid to settle the claims; (7) the
> insurance policy limits and solvency of the joint
> tortfeasors; (8) the relationship among the parties and
> whether it is conducive to collusion or wrongful conduct;
> and (9) any other evidence that the settlement is aimed at
> injuring the interests of a non-settling tortfeasor or
> motivated by other wrongful purpose.

Troyer v. Adams, 77 P.3d 83, 111 (Haw. 2003).

An agreement to settle a claim is made in good faith when the totality

of circumstances show that the settlement was not collusive or aimed at injuring

the interests of the non-settling parties.  See id. (stating that the goal of the statute

is to "prevent collusive settlements aimed at injuring non-settling tortfeasors'

interests").  Section 663-15.5 does not require the settling parties to explain the

rationale for the amount of the settlement payment.  See Whirlpool Corp. v. CIT

Grp./Bus. Credit, Inc., 293 F. Supp. 2d 1144, 1154 (D. Haw. 2003).  The non-

settling defendant has the burden of proof that the settlement agreement was not

reached in good faith.  <u>See</u> Haw. Rev. Stat. § 663-15.5(b) ("A nonsettling alleged joint tortfeasor or co-obligor asserting a lack of good faith shall have the burden of proof on that issue.").

The Court has reviewed the factors set forth in <u>Troyer v. Adams</u> and the terms of the settlement and finds that the material terms of the settlement meet the purpose of Section 663-15.5 and that the settlement was entered into in good faith.

CONCLUSION

Based on the Court's consideration of the Petition, the lack of opposition, and the totality of the circumstances, the Court FINDS that the settlement between the parties was in good faith under Hawaii Revised Statutes Section 663–15.5 and RECOMMENDS that Defendant Marriott Hotel Services, Inc.'s Petition for Determination of Good Faith Settlement be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MARCH 10, 2020.



_____
Wes Reber Porter
United States Magistrate Judge

**TANSEY V. MARRIOTT HOTEL SERVICES, INC., ET AL .; CIVIL NO. 19-00231 JAO-WRP; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT MARRIOTT HOTEL SERVICES, INC.'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**